JOHN M. PORTER, SB# 62427
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
  E-Mail: porter@lbbslaw.com
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: 909.387.1130
Facsimile: 909.387.1138

NEIL OKAZAKI, SB# 201367
**OFFICE OF THE CITY ATTORNEY**
**CITY OF RIVERSIDE**
  E-mail: jbrown@riversideca.gov
3900 Main Street, 3th Floor
Riverside, California 92522
Telephone: 951.826.5180
Facsimile: 951.826.5540

TIMOTHY T. COATES SB# 110364
ALAN DIAMOND, SB#60967
**GREINES, MARTIN, STEIN & RICHLAND**
  E-mail: tcoates@gmsr.com
5900 Wilshire Boulevard, 12th Floor
Los Angeles, California 90036
Telephone: 310.859.7811
Facsimile: 310.276.5261

Attorneys for Defendants, City of
Riverside, Sancho Lopez and Brett Porter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULRIKE DUNBAR, etc., et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF RIVERSIDE, et al,<br><br>        Defendants. | Case No.: ED CV 13-00847 JBG (SPx)<br><br>**DEFENDANTS' RESPONSE TO (1) PLAINTIFFS' RESPONSE TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS; AND (2) PLAINTIFFS' STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>[Fed. R. Civ. P. 56(a)(b)]<br><br>Hearing Date: September 15, 2014<br>Time: 9:00 a.m., Dept.: 1<br><br>Trial Date: December 16, 2014<br><br>[Hon. Jesus G. Bernal, Presiding] |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO
SEPARATE STATEMENT OF UNCONTROVERTED AND
CONTROVERTED FACTS IN OPPOSITION TO PARTIAL MOTION FOR
SUMMARY JUDGMENT**

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.  Plaintiffs allege that decedent Brandon Dunbar was a passenger in a car that Officers Lopez and Porter stopped in the early morning hours of March 1, 2012.<br><br>*FAC, ¶¶15-16.* | **UNDISPUTED:**  "Decedent Brandon Dunbar was a passenger" in a van that "Officers Lopez and Porter stopped in the early morning hours of March 1, 2012".<br><br>**DISPUTED:**  Omits reference to facts in that there was earlier contact. Officer Lopez told investigators and later testified at his deposition that he had done a records check / inquiry on the van's license plate (CA 4WLW007) earlier in the shift from their onboard computer while in an area known as Casa Blanca.<br><br>Porter testified he saw Dunbar at that earlier time. No enforcement action was taken at that earlier time. This means the probable cause for the stop is at issue.<br><br>*Lopez Deposition 31:8-12; 32:3-4; Porter Deposition 44:14-45:5.* |
| **RESPONSE** ||
| Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  Fact 1 states for background purposes what plaintiffs' allege in their First Amended Complaint.  The facts plaintiffs state as disputed are irrelevant to the issues in this motion. ||

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 2. Plaintiffs further alleged and asserted that Dunbar exited the vehicle and ran away from the scene, pursued by Officer Lopez, jumped a fence or wall into the backyard of a nearby residence, and was there later shot by Officer Lopez.<br><br>*FAC, ¶¶17, 20; Declaration of Alan Diamond, Ex. 1, pp. 5-6, Ex. 2, pp.4-5.* | **OBJECTION:** Irrelevant to this issues in this motion.  Compound. Vague and ambiguous.<br><br>**DISPUTED:** The use of the term "ran away" is vague and ambiguous as it implies violation of an order or lawful authority which was not asserted and Defendant Lopez expressly denied giving.<br><br>*Lopez Officer Involved Shooting Interview Transcript, line 514; Porter Deposition 43:17-19* |

### RESPONSE

Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  Fact 2 states for background purposes what plaintiffs' First Amended Complaint and their sworn interrogatory answers state.  Plaintiffs themselves use the term "ran away" in those answers.

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 3. Plaintiffs allege and assert that decedent Brandon James Dunbar sustained multiple gunshot wounds, including to the knee area, resulting in severing the popliteal artery and immediate, arterial bleeding. *FAC, ¶¶20, 27; Diamond Decl., Ex. 1, pp. 5-6, Ex. 2, pp. 4-5.* | **OBJECTION:** Compound<br><br>**UNDISPUTED:** "decedent Brandon James Dunbar sustained multiple gunshot wounds."<br><br>**DISPUTED:** The popliteal artery was not severed. It was only partially severed, involving approximately 50% of the structure.<br><br>*Coroner's Autopsy Report, page / Bates page #296, Riverside Police Department photos of autopsy #1351.* |

<table>
<tr><td colspan="2" align="center"><strong>RESPONSE</strong></td></tr>
<tr><td colspan="2">Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants. <em>Galen v. County of Los Angeles</em>, 468 F.3d 563, 568 (9th Cir. 2006). Fact 3 states for background purposes what is in plaintiffs' First Amended Complaint and their sworn interrogatory answers. What plaintiffs dispute is irrelevant to the issues on this motion.</td></tr>
</table>

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 4. Plaintiffs assert Dunbar bled to death from his otherwise non-fatal wound.<br><br>*Diamond Decl., Ex. 1, pp. 5-6, Ex. 2, pp. 4-5.* | **DISPUTED:** Dunbar bled to death because the bleeding wound was left untreated. Every officer on scene was trained, certified, issued proper equipment and experienced to provide basic first aid required to treat the wound but they refused and failed to do so contrary to their written policies.<br><br>*See Declaration of vascular surgeon John Mehigan, M.d., Expert Michael Metcalf Report Page 2, Paragraph 2, Sentence 1-2; Lopez Deposition 112:2-4 and Porter Deposition 101:9-10; 101:13-23; Riverside Police Department Policy Manual 4.8 and 4.30.* |

**RESPONSE**

Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). Fact 4 states for background purposes what is in plaintiffs' sworn interrogatory answers.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 5.  The early-morning-hours traffic stop of the car in which Dunbar was a passenger occurred at 2:26 a.m.<br><br>*Declaration of Michelle Jensen, p. 2, Trial Ex. 500.* | **OBJECTION:** Misstates the nature of the vehicle; which was a van, not a passenger vehicle.<br><br>**UNDISPUTED:** as follows: Dunbar was a passenger in the van stopped at approximately 2:26 a.m.<br><br>**DISPUTED:** According to the RPD radio dispatch recording channel 3 provided by the defense and certified as true, correct and trustworthy by Michelle Jensen, starts at 2:12 a.m. and six (6) minutes into it at 2:18 a.m. the traffic stop was conducted. The records the defense is relying on are not correct or consistent.<br><br>*RPD radio channel 3 Decl. of Jensen 2:1-12 Metcalf Decl.* |
| RESPONSE | |
| Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  The facts plaintiffs state as disputed are based on evidence that is unrelated to the police unit (Adam 315) that stopped the vehicle in which Dunbar was a passenger.  (*Trial Ex. 3001*.) | |
| 6.  Dunbar fled from the scene of the traffic stop.<br><br>*Diamond Decl., Ex. 3, p. 30; Ex. 4, pp. 43, 61, 65, [Dunbar "took off running"].* | **DISPUTED:** Dunbar violated no order or command to remain on the scene, and therefore was free to leave the scene. "Fled" attempts to connote violation of an order or lawful authority which was not asserted.<br><br>*Lopez Officer Involved Shooting Interview transcript, line 514; Porter Deposition 43:17-19* |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **RESPONSE** ||
| Plaintiff raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). ||
| 7.  Dunbar climbed over a wall into a residential complex, Lopez climbed the wall and, while braced there, shot Dunbar.<br><br>*Diamond Decl., Ex. 3, pp. 17-18, 26-27, 53-59, 19192; Ex. 4, pp. 73, 76.* | **UNDISPUTED as follows:** The shooting occurred in the back yard of a single family residence of homeowner Craig Dales, for purposes of this motion only, as the facts of the shooting are not at issue in this instant motion. |
| **RESPONSE** ||
| Plaintiff raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  The shooting occurred as described in Fact 7.  Plaintiffs' description is vague and ambiguous in stating that "[t]he shooting occurred in the backyard," but defendants agree that "the facts of the shooting are not at issue in this instant motion." ||

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 8. One shot hit Dunbar's knee area. *Diamond Decl., Ex. 3, p. 27.* | **OBJECTION:** Vague and ambiguous. **DISPUTED:** According to the Coroner's report, gunshot #3 was to Mr. Dunbar's right knee/thigh region. The entrance wound was medial to the right kneecap. The exit wound was to the lateral posterior distal part of the right thigh above to the right kneecap. The bullet's trajectory was left to right in an upward front to back direction. Additionally, the defense fails to point out that for each of the wounds sustained by Mr. Dunbar include an entry and exit wound. So the one shot to the knees is an entry and exit wound. *Coroner's Report pg. 3-4 (Gun Shot Wound #1-#3/Bates 295-6)Riverside Police Department photos of the autopsy #1320, 1318* |

### RESPONSE

Plaintiff raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  The facts plaintiffs state as disputed are irrelevant to the issues in this motion.

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 9.  Officer Lopez shot Dunbar at 2:30 a.m.<br><br>*Jensen Decl., p. 3, Trial Ex. 501; Diamond Decl., Ex. 3, p. 177.* | **OBJECTION:** Lacks foundation.<br><br>**DISPUTED:** The shooting occurred between 2:21 a.m. and 2:31 a.m. The call history shows that Officer Porter called in "shots fired" at 2:31 a.m. However, according to the RPD radio recording provided and certified by the defense, at nine minutes into the recording the shooting occurs which was 2:21 a.m.<br><br>Officer Lopez, the shooter, was not with his partner at the time of the shooting, and had lost his radio. Therefore, he was unable to "immediately" communicate with his partner. Upon hearing the shots fired, Porter testified that he left the driver of the vehicle in the patrol car and took cover mid-block across the street behind a white vehicle, an estimated 100 yards from Lopez. Officer Lopez testified that he gave the order to Porter to call in "shots fired" after he arrived on the scene where Dunbar was shot. Therefore the call could not have been made "immediately", but was after Porter emerged and traversed 100 yards to Lopez's location.<br><br>*CAD Report, Bate #501; Lopez Deposition Page 229:14-16; Porter Deposition 130:4-12; 71:10-12; Lopez Post-Shooting OIS Interview Pages 1028-1030. Metcalf decl. Jensen decl 2:1-12, RPD radio recording channel 3.* |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

### RESPONSE

Plaintiff raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). All evidence shows that Officer Porter called in shots fired and for medical aid at 2:30 a.m. within seconds of Lopez shooting Dunbar. Plaintiffs' effort to place the shooting as early as 2:21 a.m. is completely contrary to the undisputed evidence showing that the Lopez and Porter first stopped the vehicle in which Dunbar was a passenger at 2:26 a.m. Moreover, as plaintiffs know from deposition testimony, Lopez fired two volleys at Dunbar, and after the first volley, Porter had reached the wall, and, after firing his second volley, Lopez directed Porter to radio shots fired and for medical aid, and he did so. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Ex. 3, pp. 17, 18, 26, 56-57, 191-92; Opp. 7*.) It is undisputed that Lopez dropped his radio, and therefore could not have called for medical aid until Porter arrived at the point of the second volley. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Exh. 3, pp. 17, 18, 26, 55-57, 191-92; Opp. 7*.)

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case. (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| | |
|---|---|
| 10. Immediately upon shooting Dunbar, Officer Lopez directed Officer Porter to put out on his radio "shots fired," Lopez having dropped his radio, which Porter did at once, adding 11-99, code for the highest level of police emergency, and also that there was a victim with a gunshot wound and that an ambulance was needed.<br><br>*Declaration of Brett Porter, ¶ 3;* | **OBJECTION:** Lacks foundation. Incomprehensible. Assuming, arguendo, that Defendants are asserting that immediately upon shooting that Lopez directed Porter to call in for medical aid, that is without foundation.<br><br>**DISPUTED:** The shooting occurred between 2:21 a.m. and 2:31 a.m. The call history shows that Officer Porter called in "shots fired" at 2:31 a.m. However, according to the RPD radio |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| *Declaration of Sancho Lopez, ¶ 3; Jensen Decl., p. 3, Trial Exs. 500, 501, 3002; Diamond Decl., Ex. 3, pp. 177, 229-30; Ex. 4, p. 87.* | recording provided and certified by the defense, at nine minutes into the recording the shooting occurs, which was 2:21 a.m. Officer Lopez, the shooter, was not with his partner at the time of the shooting, and had lost his radio. Therefore, he was unable to "immediately" communicate with his partner. Upon hearing the shots fired, Porter testified that he left the driver of the vehicle in the patrol car and took cover mid-block across the street behind a white vehicle, an estimated 100 yards from Lopez. Officer Lopez testified that he gave the order to Porter to call in "shots fired" after he arrived on the scene where Dunbar was shot.<br><br>Therefore the call could not have been made "immediately", but was after Porter emerged and traversed 100 yards to Lopez's location.<br><br>*CAD Report, Bate #501; Lopez Deposition Page 229:14-16; Porter Deposition 130:4-12; 71:10-12; Lopez Post-Shooting OIS Interview Pages 1028-1030. Metcalf decl. Jensen decl 2:1-12, RPD radio recording channel 3.* |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

### RESPONSE

Plaintiffs raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). All evidence shows that Officer Porter called in shots fired and for medical aid at 2:30 a.m. within seconds of Lopez shooting Dunbar. Plaintiffs' effort to place the shooting as early as 2:21 a.m. is completely contrary to the undisputed evidence showing that the Lopez and Porter first stopped the vehicle in which Dunbar was a passenger at 2:26 a.m. Moreover, as plaintiffs know from deposition testimony, Lopez fired two volleys at Dunbar, and after the first volley, Porter had reached the wall, and, after firing his second volley, Lopez directed Porter to radio shots fired and for medical aid, and he did so. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Exh. 3, pp. 17, 18, 26, 55-57, 191-92; Opp. 7.*) It is undisputed that Lopez dropped his radio, and therefore could not have called for medical aid until Porter arrived at the point of the second volley. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Exh. 3, pp. 17, 18, 26, 55-57, 191-92; Opp. 7.*)

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case. (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 11.  Porter's call for medical aid was made nearly contemporaneously with or within mere seconds of the shooting.<br><br>*Porter Decl., p. 3; Lopez Decl., p. 3; Jensen Decl., p. 3, Trial Exs. 500, 501, 3002; Diamond Decl., Ex. 3, p. 177.)* | **OBJECTION:** Lacks foundation.<br><br>**DISPUTED:** The shooting occurred between 2:21 a.m. and 2:31 a.m. The call history shows that Officer Porter called in "shots fired" at 2:31 a.m. However, according to the RPD radio recording provided and certified by the defense, at nine minutes into the recording the shooting occurs, which was 2:21 a.m. Officer Lopez, the shooter, was not with his partner at the time of the shooting, and had lost his radio.<br><br>Therefore, he was unable to "immediately" communicate with his partner. Upon hearing the shots fired, Porter testified that he left the driver of the vehicle in the patrol car and took cover mid-block across the street behind a white vehicle, an estimated 100 yards from Lopez. Officer Lopez testified that he gave the order to Porter to call in "shots fired" after he arrived on the scene where Dunbar was shot. Therefore the call could not have been made "immediately", but was after Porter emerged and traversed 100 yards to Lopez's location.<br><br>*CAD Report, Bate #501; Lopez Deposition Page 229:14-16; Porter Deposition 130:4-12; 71:10-12; Lopez Post-Shooting OIS Interview Pages 1028-1030. Metcalf decl. Jensen decl 2:1-12, RPD radio recording channel 3.* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

### RESPONSE

Plaintiffs raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). All evidence shows that Officer Porter called in shots fired and for medical aid at 2:30 a.m. within seconds of Lopez shooting Dunbar. Plaintiffs' effort to place the shooting as early as 2:21 a.m. is completely contrary to the undisputed evidence showing that the Lopez and Porter first stopped the vehicle in which Dunbar was a passenger at 2:26 a.m. Moreover, as plaintiffs know from deposition testimony, Lopez fired two volleys at Dunbar, and after the first volley, Porter had reached the wall, and, after firing his second volley, Lopez directed Porter to radio shots fired and for medical aid, and he did so. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Exh. 3, pp. 17, 18, 26, 55-57, 191-92; Opp. 7*.) It is undisputed that Lopez dropped his radio, and therefore could not have called for medical aid until Porter arrived at the point of the second volley. (*Lopez Decl. ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3,4; Diamond Decl. Exh. 3, pp. 17, 18, 26, 55-57, 191-92; Opp. 7*.)

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case. (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 12.  Porter's radio call was immediately routed to the Riverside Fire Department, and within seconds of the shooting, Riverside Fire Department paramedics were dispatched to the scene and immediately thereafter an ambulance was on route.<br><br>*(Jensen Decl., pp. 3-4, Trial Exs. 501, 603.)* | **OBJECTION:** Lacks foundation.<br><br>**DISPUTED:** There are obvious and expected discrepancies between various agency timekeeping which Defendants do not attempt to ignore/avoid. The AMR Pre-Hospital Run Sheet reports that the Fire Department was contacted at 2:30am, however the call-in for the shots fired on the Defendants' records shows 2:31 a.m. This is an obvious impossibility that the Fire Department was dispatched before shots were fired was reported.<br><br>*AMR Report, Page 1-4/Bate #442 - 445; CAD Report, Bate #501* |

<table>
<tr><td colspan="2" align="center"><b>RESPONSE</b></td></tr>
<tr><td colspan="2">Plaintiff raises no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants. <i>Galen v. County of Los Angeles</i>, 468 F.3d 563, 568 (9th Cir. 2006).  This is a contrived effort to create a disputed fact.  Plaintiffs' citations show that RPD reported shots fired at 2:31 a.m. (Trial Ex. 501) and the Fire Department reported a call for medical aid at 2:30:44 (Trial Ex. 442).  Far from showing any kind of meaningful "discrepancies between various agencies timekeeping," as plaintiffs assert, these times confirm the 2:30 a.m. shooting and the contemporaneous call for medical aid.<br><br>What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (<i>See</i> Standing Order, ¶ 11 (b), pp. 7-8.)</td></tr>
</table>

| 13.  All medical aid was on the scene somewhere between five to ten minutes after the shooting.<br><br>*Diamond Decl., Ex. 3, pp. 177-79; Ex.* | **OBJECTION:** Vague and ambiguous as to meaning of "scene" and as to "medical aid." Numerous meanings to the terms could be attributed, such as "scene" could be staged down the |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| *4, pp. 87, 90-91, 97, 148-49; Jensen Decl., pp. 3-4,Trial Ex. 603.)* | street, in front of the house, in the back yard but not at the patient, or at the patient treating. Assuming "Medical aid" includes police officer that were required to provide first aid, then "medical aid" was available at the shooting by definition. Any definition of the meaning of "medical aid" would be at issue. |
| | **DISPUTED:** Every officer on scene was trained, certified, issued proper equipment and experienced to provide basic first aid required to treat the wound but they refused and failed to do so contrary to their written policies and law as they created the danger and the victim was dependent upon them for life-saving aid. Additionally, although AMR was on scene at 2:38 a.m. along with RFD, they did not enter the crime scene to treat Mr. Dunbar until 2:45 a.m. which is fifteen (15) minutes after Officer Porter radioed dispatch that Dunbar had been shot. Furthermore, this is another unnecessary delay to get treatment to Mr. Dunbar. |
| | *See Declaration of vascular surgeon John Mehigan, M.d., Expert Michael Metcalf Report Page 2, Paragraph 2, Sentence 1-2; Declaration of Michael Metcalf; Lopez Deposition 112:2-4 and Porter Deposition 101:9-10; 101:13-23; Riverside Police Department Policy Manual 4.8 and 4.30; Officer Brant Report/Crime* |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | *Scene Log, Defense Ex. 140-145* |

**RESPONSE**

Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). The facts plaintiffs state as disputed are irrelevant to the issues in this motion. For example, whether the officers on scene were competent to provide first aid is irrelevant given *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006), which plaintiffs acknowledge as controlling. (*See* Opposition 13.) In addition, the officers did not act contrary to any RPD policy. First, local police policy was not intended to and cannot impose a higher duty of reasonableness on police than required by case law. Second, RPD policies "to provide care for all injured persons" are satisfied when, following controlling case law, officers promptly call for medical aid and do nothing to delay it, which is what happened in this case. All evidence, including the evidence plaintiffs cite, shows that medical aid arrived within 8 to 10 minutes of being called and that no staging took place. *(Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Suppl. Lopez Decl. ¶16; Brett Porter Decl. ¶4; Williams Decl. ¶¶ 8-14; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11.)*

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case. (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| | |
|---|---|
| 14. After the shooting, both officers could see that Dunbar was bleeding and heard him say that he could not breathe.<br><br>*Diamond Decl., Ex. 3, pp. 28, 53-54, 173-80, 200, 205-06, 223, 226-27, 230-31, 237-38, 243; Ex. 4, pp. 85-86, 99-100, 102.* | **UNDISPUTED.** |

**RESPONSE**

None.

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 15.  Officer Lopez had no medical training and was not an "emergency medical tech," but he was trained in basic CPR. *Diamond Decl., Ex. 3, pp. 27-28.* | **OBJECTION:** Misstates the evidence. **DISPUTED:** Officer Lopez was trained in first aid training as well as basic CPR. Defense counsel provided Lopez' training which shows that he has had at least 31 ½ hours of first aid training exclusive of his academy training, including First Aid, CPR and bloodborne pathogens. *Lopez Deposition 112:2-4; 28:1-2. Riverside Police Department Policy Manual 4.8 and 4.30.* *Lopez Training Information provided by Defense counsel* |

**RESPONSE**

Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  The facts plaintiffs state as disputed are irrelevant to the issues in this motion in that whether the officers on scene were competent to provide first aid is irrelevant given *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006), which plaintiffs acknowledge as controlling.  (*See* Opposition 13.)

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16.  Lopez was not a medical professional and did not know Dunbar's medical condition.<br><br>*Diamond Decl., Ex. 3, p. 118.* | **OBJECTION:** Misstates the evidence and contradicts contention #14 made by Defendants where they admit Lopez recognized his medical condition of bleeding and breathing difficulty which was not spontaneous.<br><br>**DISPUTED:** Officer Lopez was trained in first aid training as well as basic CPR. Defense counsel provided Lopez' training.<br><br>*Lopez Deposition 112:2-4; 28:1-2. Riverside Police Department Policy Manual 4.8 and 4.30. Lopez Training Information provided by Defense counsel.* |

| RESPONSE |
|---|
| Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that Plaintiffs' statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  The facts plaintiffs state as disputed are irrelevant to the issues in this motion in that whether the officers on scene were competent to provide first aid is irrelevant given *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006), which plaintiffs acknowledge as controlling.  (*See* Opposition 13.)<br><br>What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.) |

| 17.  Officer Porter was trained in CPR and was taught at the Los Angeles Police Academy how to apply pressure to stop bleeding.<br><br>*Diamond Decl., Ex. 4, pp. 98-99, 101-102, 139.* | **UNDISPUTED.** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **RESPONSE** ||
| None. ||
| 18.  Other than promptly summoning medical aid, Lopez and Porter gave no medical aid to Dunbar.<br><br>*Diamond Decl., Ex. 3, pp. 121-22, 173-81; Ex. 4, pp. 99-102, 139, 148.* | **OBJECTION:** Ambiguous and vague as to "summoning". Assuming "summoning" includes allowing medical aid to actually be provided, then the contention is disputed.<br><br>**DISPUTED:** Lopez and Porter did not allow the Firefighters or EMT to actually reach and treat the patient until approximately 2:41am, and therefore did not timely "summon" medical aid. Lopez audio belt recording at timemark 8 min 4 seconds. |
| **RESPONSE** ||
| Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants.  *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006).  There is no evidence that any officer staged or delayed medical aid from coming directly to Dunbar.  Plaintiffs' citation to the Lopez belt recording reflects their erroneous understanding of what it states and reflects.  (*See* Reply, pp. 4-6.)<br><br><br>What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.) ||

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 19. The officers understood that this comported with Riverside Police Department policy. *Diamond Decl., Ex. 3, pp. 130-31; Ex. 4, p. 102.* | **OBJECTION:** Irrelevant. Ambiguous and vague as to "understood" and "this". Misstates the law. The case is analyzed under the Fourth Amendment standard of objective reasonableness. *Graham vs. Connor 490 U.S. 386 (1989)* |

| RESPONSE | |
|---|---|
| None.<br><br>What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case.  (*See* Standing Order, ¶ 11 (b), pp. 7-8.) | |

| 20.  Porter did not apply any pressure to stop Dunbar's bleeding, "[b]ecause I had requested the ambulance and they're experts in what they do." *Diamond Decl., Ex. 4, pp. 99.* | **UNDISPUTED:** Porter did not apply any pressure.<br><br>**OBJECTION:** Porter's understanding of his legal duties that apply to all police officers at the scene is irrelevant. It misstates the law and his legal duties thereunder.<br><br>**DISPUTED:** Dunbar was in immediate need of life-saving aid for an injury caused by the police and therefore he was required to render aid. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

### RESPONSE

Plaintiffs raise no genuine dispute because no reasonable trier of fact could find that their statement of the facts in any significant way conflicts with that of the Defendants. *Galen v. County of Los Angeles*, 468 F.3d 563, 568 (9th Cir. 2006). The facts plaintiffs state as disputed are irrelevant to the issues in this motion in that whether the officers on scene were competent to provide first aid is irrelevant given *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006), which plaintiffs acknowledge as controlling. (*See* Opposition 13.)

What plaintiffs refer to as an Objection is not an objection to the evidence as it meets none of the requirements of this Court's Standing Order in this case. (*See* Standing Order, ¶ 11 (b), pp. 7-8.)

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 21.  Defendants provided as discovery the dispatch audio recording of the incident in question labeled, #p12030492_OIS Channel 3 traffic with Silence_030112_0212hrs_0558hrs (RPD radio channel 3). The recording(s) were certified by Michelle Jensen as being a trustworthy true and correct copy of the dispatch recording of Riverside Police Department dispatch channel 3 of March 1st 2012 from 2:12 a.m. to 5:58 a.m. According to this RPD dispatch recording there is a ten (10) minute delay in summoning medical aid after Mr. Dunbar was shot and over twenty (20) minutes before Riverside City Fire Department or AMR arrived on scene. | *Declaration of Jensen 2:1-6 RPD radio channel 3* | UNDISPUTED that defendants provided as discovery to plaintiffs the dispatch audio recording of the Riverside Police Department labeled, #p12030492_OIS Channel 3 traffic with Silence_030112_0212hrs_0558hrs (RPD radio channel 3).

DISPUTED.  The citations this statement relies on do not support it.  The recording did not start at 2:12 a.m., it did not record only the incident in question, which begins at 2:26 a.m. on the recording, there is no 10 minute delay in summoning medical aid after Mr. Dunbar was shot and it did not take the Riverside Fire Department or the AMR over twenty minutes before arriving at the scene.  Nothing on the recording states that. Moreover, in the cited declaration, Michelle Jensen did not certify the recording plaintiffs refer to, but only the material expressly listed there. The undisputed evidence shows that Officer Porter called in shots fired and for medical aid at 2:30 a.m. within seconds after Officer Lopez shot Dunbar and told Porter to make the call |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | as Lopez had dropped his radio. The Fire Department arrived on the scene at 2:38 and was treating Dunbar a little over a minute later and the AMR was right behind them and was with Dunbar in the same time window.  Furthermore, this Fact is not relevant or material to any legal argument plaintiffs make in their Opposition.<br><br>*Jensen Decl. 2:23-4:2; RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; Supp. Jensen Decl. ¶12; John Porter Decl., ¶9; Lopez Decl., ¶3;Supp. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl., ¶3; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl);  Williams Decl. ¶¶8-14; Supplemental Jensen Decl. ¶11; Diamond* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Decl. Ex. 3, pp. 17, 18, 26, 56-57, 191-92; Opp. 7.* |
| 22.  There was an unnecessary and unreasonable delay in providing medical care to Mr. Dunbar. | *Decl. of Metcalf Conclusions ¶1, 3, 4.* | DISPUTED.  Plaintiffs only support this statement with the conclusions of a purported expert witness, which are inadmissible on multiple grounds.  *See* Defendants' Concurrently Filed Evidentiary Objections, to Metcalf materials.  The undisputed evidence shows that there was no unnecessary or unreasonable delay in providing medical care to Dunbar. *Williams Decl. ¶¶12, 14 and attached exhibits; Jensen Decl., p. 3 and Ex. 603; Casselman Decl., Ex. K.; Lopez Decl. ¶¶3-4; Porter Decl. ¶4; Suppl. Jensen Decl. ¶11.* |
| 23.  At 2:38 a.m. five minutes and forty seven seconds into Officer Lopez's belt recorder Mr. Dunbar can be heard saying, "Please!" | *Lopez belt recording 5:47; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar says "Please" at 5:47 elapsed time.  DISPUTED that that elapsed time comports with 2:38 a.m.; the evidence plaintiffs cite does not support that assertion and undisputed evidence shows medical aid arrived at 2:38 a.m. and reached Dunbar in less than two minutes.  That Dunbar said "Please" is not relevant or material to plaintiffs' medical |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | aid allegations.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| | | *Jensen Decl. 2:23-4:2; RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; Supp. Jensen Decl. ¶12; John Porter Decl., ¶9; Lopez Decl., ¶3;Supp. Lopez Decl. ¶16; Brett Porter Decl., ¶3; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl).* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 24.  Shortly after Mr. Dunbar says "please" a voice says, "Hey, he's coding [dying] dude." | *Lopez belt recording 5:47, 6:07; Jensen decl. 2:1-12* | No. 24:  UNDISPUTED that at 6:07 elapsed time a voice (Officer Hibbard) says "Hey he's coding."  This fact is not relevant or material to plaintiffs' medical aid allegations.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001,3004 (Transcript of Lopez Belt Recorder, p. 8.)* |
| 25.  RFD and AMR arrived on scene seconds after Mr. Dunbar says, "please," but are not allowed access to treat Mr. Dunbar. They remain out front waiting to be escorted into the crime scene. | *RPD radio channel 3 Jensen decl. 2:1-12; Lopez belt recording 5:47* | DISPUTED.  Undisputed evidence shows that RFD and AMR arrived on the scene at 2:38 a.m., neither was denied nor delayed in getting access to Dunbar, and each was with Dunbar in less than 2 minutes after they arrived at the scene and unpacked their gear.  At any rate, Fact No. 25 is not relevant or material to plaintiffs' case as it makes no assertion regarding the two officers named as defendants.<br><br>*Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶11; Exhibits 3001, 3004 (Supp. Lopez Decl.; Porter* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Decl.; Supp. Jensen Decl.); AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl); RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; see* Response to No. 22 above. |
| 26.  RFD and AMR were also unnecessarily delayed by being "staged," even though the scene had been declared "safe" and "Code-4" seven (7) times in the first five (5) minutes after the incident. | *RPD radio channel 3; Jensen decl. 2:1-12; Defense Exhibit 140-145; Decl. of Metcalf Conclusion ¶1, 3, 4.* | DISPUTED.  Undisputed evidence, including evidence plaintiffs cite here, shows that no staging of either RFD or AMR occurred.  At any rate, Fact No. 26 is not relevant or material to plaintiffs' case as it makes no assertion regarding the two officers named as defendants.  *Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶11; Exhibits 3001, 3004* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *(Supp. Lopez Decl.; Porter Decl.; Supp. Jensen Decl.); AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl); RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; see* Response to No. 22 above. |
| 27.  Eight minutes into Officer Lopez's belt recording an unknown officer says, "Hey, I think he just coded (died)." Another officer responds, "we ought to get them in here and get started then right?" | *Lopez belt recording 7:56, 8:01; Jensen decl. 2:1-12; Kellner Rule 26 report pg 17.* | UNDISPUTED that at 7:57 elapsed time Officer Hibbard said "I think he just coded" and a medic responded, "Well, we're all going to get in here and get started then right?"  At any rate, Fact No. 27 is not relevant or material to plaintiffs' case as it makes no assertion regarding the two officers named as defendants.

*Trial Exhibits 3001, 3004 (Transcript of Lopez Belt* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Record, p. 9).*) |
| 28.  When an officer says "we ought to get them in here and get started then right?" he is referring to the fact that paramedics have not been permitted to treat Dunbar yet. | *Lopez belt recording 8:01; Jensen decl. 2:1-12* | DISPUTED.  The citations this statement relies on do not support it.  The undisputed evidence shows that the statement was made by a medic and that no one, let alone defendant officers, stopped or delayed the paramedics from treating Dunbar.  At any rate, Fact No. 28 is not relevant or material to plaintiffs' Opposition as it makes no assertion regarding the two officers named as defendants.

*Williams Decl. ¶¶12, 14 and attached exhibits*; *Trial Exhibits 3001, 3004*; *Supp. Jensen, ¶11.* |
| 29.  When an officer says "we ought to get them in here and get started then right?" the paramedics and firefighters have been on the scene for at least two minutes but have still not been permitted to treat the patient. | *Lopez belt recording 8:01; Jensen decl. 2:1-12; Decl. of Metcalf ¶19, 21.* | DISPUTED.  The citations this statement relies on do not support it.  The undisputed evidence shows that the statement was made by a medic and that no one, let alone defendant officers, stopped or delayed the paramedics from treating Dunbar.  The undisputed evidence shows that both the Fire Department medics and the AMR arrived on the scene and were treating Dunbar in under two minutes.  At any rate, Fact No. 29 is not relevant or material to |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | plaintiffs' Opposition as it makes no assertion regarding the two officers named as defendants.<br><br>*Trial Exhibits 3001, 3004; Williams Decl. ¶¶12, 14 and attached exhibits; Supp. Jensen Decl. ¶11; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.* |
| 30.  Approximately 30 seconds after an officer says "we ought to get them in here and get started then right?" the paramedics are permitted to approach the patient. | *Lopez belt recording 8:00-8:30; Jensen decl. 2:1-12; Decl. of Metcalf ¶ 21* | DISPUTED.  The citations this statement relies on do not support it.  At any rate, Fact No. 30 is not relevant or material to plaintiffs' Opposition as it makes no assertion as to the two officers named as defendants.<br><br>*Trial Exhibits 3001, 3004; Williams Decl. ¶¶12, 14; Supp. Jensen Decl. ¶11; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.  See all citations in Response to Fact No. 29.* |
| 31.  According to a report by Officer J. Brandt and the accompanying Major Incident Log she documented everybody who entered the crime scene by noting who entered and the times the entered and exited. | *Jensen decl. 2:1-12; Defense Exhibit 140-145; Officer Brandt's report; Officer Brandt's Major Incident Log; Decl. of Metcalf ¶ 22* | UNDISPUTED that Defense Exhibit 140-145 includes a document styled Major Incident Log purported to have been prepared by Officer J. Brandt purporting to show everybody who entered the crime scene by noting the times he was told each person entered and exited. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 32.  Officer Brandt's report and Major Incident Log indicates that AMR, who was required to have a police escort to enter the scene did not enter the scene to treat Mr. Dunbar until 2:45 a.m. | *Jensen decl. 2:1-12; Defense Exhibit 140-145; Officer Brandt's report; Officer Brandt's Major Incident Log; AMR patient care report page 1 narrative; Decl. of Metcalf ¶ 22* | DISPUTED that the Major Incident Log is evidence that AMR was required to have a police escort to enter the scene or did not enter the scene to treat Dunbar until 2:45 a.m. The undisputed evidence, including plaintiffs' own Exhibit K to the Casselman declaration, shows that AMR was with Dunbar by 2:39 a.m. Moreover, Exhibit 140-145 including the Major Incident Log is not part of plaintiffs' Opposition, as it is not attached to the Casselman declaration or otherwise placed before the Court or authenticated.  It is also not relevant or material to plaintiffs' Opposition as it makes no assertion regarding the two officers named as defendants.  *AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl); Supp. Jensen Decl. ¶10; Williams Decl. ¶¶ 10-14 and attached exhibits.* |
| 33.  Paramedics and firefighters were "staged" for 7 minutes before being permitted to treat Dunbar. | *RPD radio channel 3; Jensen decl. 2:1-12; Defense Exhibit 140-145; Officer Brandt's* | DISPUTED.  The undisputed evidence shows that the Fire Department paramedics were not staged or delayed but after arriving at the scene and unpacking their equipment |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | *report; Officer Brandt's Major Incident Log; Decl. of Metcalf ¶ 22* | went directly to Dunbar in less than two minutes.  The citations this statement relies on do not support it.  Exhibit 140-145 including the Major Incident Log is not part of plaintiffs' Opposition, as it is not attached to the Casselman declaration or otherwise placed before the Court or authenticated.<br><br>*Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶11.* |
| 34.  Mr. Dunbar died because basic first aid, such as direct pressure or the use of a tourniquet would have more than likely prevented Mr. Dunbar's death. | *Decl of Mehigan MD ¶ 11, 12, 13; Metcalf Rule 26 report page 2 ¶ 4.* | DISPUTED.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *See* Defendants' Evidentiary Objections to Metcalf materials. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 35.  All officers in California are required by law to be trained and equipped to safely and effectively perform first aid and CPR and is a requirement of their employment to maintain such certification and skills. | *Decl of Mehigan MD ¶ 11, 12, 13; Metcalf Rule 26 report page 2 ¶ 3.* | DISPUTED, The citations this statement relies on do not support it.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 36.  Had Officers rendered basic first aid to Mr. Dunbar, his chances of living would have been much greater. | *Metcalf decl. ¶ 5, 6; Metcalf Rule 26 report page 3 ¶ 1.* | DISPUTED.  The citations this statement relies on do not support it.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 37.  At 2:21 a.m. (nine minutes forty nine seconds into the RPD radio channel 3 recording) Officer Porter made a call for "shots fired" and a "gunshot wound." | *RPD radio channel 3 9:49; Declaration of Jensen 2:1-6.* | DISPUTED.  The citations this statement relies on do not support it.  The undisputed evidence shows that the traffic stop of the vehicle in which Dunbar was a passenger occurred at 2:26 a.m. and that Officer Porter phoned in "shots fired" and for medical aid at 2:30 a.m.<br><br>*Jensen Decl. 2:23-4:2; RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; Supp. Jensen Decl. ¶¶ 12, 14; John Porter Decl., ¶9; Lopez Decl., ¶3;Supp. Lopez Decl. ¶¶10, 16; Brett Porter Decl., ¶3; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl); Williams Decl. ¶¶8-14 and attached exhibits; Supplemental Jensen Decl. ¶¶ 11, 12.* |
| 38.  There was a ten (10) minute delay in requesting medical aid between the shooting at 2:21 a.m. and call to RFD at 2:31 a.m. | *RFD radio channel 2; 00:12; RFD incident log recall; Declaration of Jensen 2:1-6. RPD radio channel 3 (starting at 0212 hrs); RFD radio channel 1; 00:15* | DISPUTED.  The citations this statement relies on do not support it.  The undisputed evidence shows that the traffic stop of the vehicle in which Dunbar was a passenger occurred at 2:26 a.m. and that Officer Porter phoned in "shots fired" and for medical aid at 2:30 a.m., immediately after the shooting.  *Jensen Decl. 2:23-4:2; RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration; Supp. Jensen Decl. ¶¶ 12, 14; John Porter Decl., ¶9; Lopez Decl., ¶3;Supp. Lopez Decl. ¶¶10, 16; Brett Porter Decl., ¶3; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl); Williams Decl. ¶¶8-14 and attached exhibits; Supplemental Jensen Decl. ¶¶ 11, 12.* |
| 39.  Approximately four minutes after the shooting, Officer Porter radioed that all suspects were in custody and the scene was safe "code 4." | *RPD radio channel 3 12:02; RFD incident log recall; Declaration of Jensen 2:1-12.* | DISPUTED.  It is undisputed that this occurred not more than 3 minutes after the shooting. *RPD Channel 3 Radio Traffic CD (Trial Ex., 3001).* |
| 40.  At 2:31 a.m. the Riverside City Fire Department (RFD) initiated the call for service at Lincoln and Anna and dispatched AMR and RFD Engine #3 with orders to stage away | *RFD radio channel 1; 00:15; RFD radio channel 2; 00:12; RFD incident log recall; RPD* | UNDISPUTED that at 2:30 a.m. the Riverside Fire Department initiated the call for service at Lincoln and Anna and initially dispatched AMR and RFD Engine #3 with orders to stage away from the scene |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| from the scene until cleared by RPD. | *radio channel 3; Jensen decl. 2:1-6, 2:8-12.* | until cleared by RPD. DISPUTED that those orders remained operative, because while en route to the scene, the orders to stage were changed and both RFD and AMR were told to roll right in. Moreover, the undisputed evidence shows that neither RFD nor AMR staged or were delayed from coming right to the crime scene and treating Dunbar. At any rate, Fact No. 40 has nothing to do with the officers named as defendants in this case. *Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4. Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11; CAD print-out (Trial Ex. 603), attached to the Jensen declaration.* |
| 41. The scene had already been declared safe "code 4" and there was no need for RFD or AMR to stage. | *RPD radio channel 3 12:02; RPD CAD report* | UNDISPUTED. |
| 42. Riverside City Fire Department dispatched American Medical Response (AMR) ambulance #352 to the incident in question for a "police emergency." AMR | *RFD radio channel 1; 00:15; RFD radio channel 2; 00:12* | Undisputed. The undisputed evidence shows that orders to stage did not remain operative, because while en route to the scene, the orders to stage were changed and both RFD and |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| #352 was told to "stage" until cleared to the scene by the Riverside Police Department. | | AMR were told to roll right in. Moreover, the undisputed evidence shows that neither RFD nor AMR staged or were delayed from coming right to the crime scene and treating Dunbar. At any rate, fact no. 42 does not implicate the officers named as defendants in this case.<br><br>*Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11.* |
| 43. AMR acknowledged the dispatched call and the order to "stage" until cleared to respond to the scene by the Riverside Police Department. | *RFD Radio channel 1; 00:33* | UNDISPUTED. |
| 44. RFD Engine #3 says they are responding to the call and RFD dispatch reminds them to stage until cleared by the PD. | *RFD Radio channel 2; 03:10-03:30* | UNDISPUTED, except that the undisputed evidence shows that orders to stage did not remain operative, because while en route to the scene, the orders to stage were changed and both RFD and AMR were told to roll right in. Moreover, the undisputed evidence shows that neither RFD nor AMR staged or were delayed from coming right to the crime scene and treating Dunbar. At any rate, |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Fact No. 44 does not implicate the officers named as defendants in this case. *Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits ; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11; CAD print-out (Trial Ex. 603), attached to the Jensen declaration.* |
| 45.  RFD Engine #3 is told they are clear to respond to the scene. | *RFD Radio channel 2; 05:13* | UNDISPUTED. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 46.  Two minutes and thirteen seconds (2:13) after Officer Porter radioed "shots fired" he radioed that the scene was safe, "code 4" because backup officers had arrived. Since the scene was safe there was no need for AMR or RFD Engine #3 to stage away from the scene causing an unnecessary delay in time for them to respond to the scene to render aid to Mr. Dunbar. | *RPD radio channel 3 12:02; recording 12:02; Lopez depo 202:24-25, 203:1-2; Declaration of Jensen 2:1-6.* | UNDISPUTED that Code 4 was radioed from an officer on the scene, because backup officers had arrived and that therefore there was no need for AMR or RFD Engine No. 3 to stage away from the scene.  The undisputed evidence shows that neither RFD nor AMR staged or were delayed from coming right to the crime scene and treating Dunbar.  At any rate, Fact No. 46 does not implicate the officers named as defendants in this case.<br><br>*Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶ 11.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 47.  The scene had been declared code-4 "safe" seven times over the course of five minutes, but the paramedics and firefighters were still "staged." | *RPD radio channel 3: 12:02, 14:52, 14:58, 15:31, 16:58, 17:14 and 17:23; Declaration of Jensen 2:1-6.* | UNDISPUTED that the scene had been declared code-4 "safe" seven times over the course of five minutes. DISPUTED that the paramedics and firefighters were still "staged."  The undisputed evidence shows that neither RFD nor AMR staged or were delayed from coming right to the crime scene and treating Dunbar.  At any rate, Fact No. 47 does not implicate the officers named as defendants in this case. <br><br>*Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11.* |
| 48.  Officer Porter was 100 yards away, across the street from Officer Lopez when Officer Lopez shot Mr. Dunbar. | *Porter depo 58:7-8, 71:12-15.* | UNDISPUTED. |
| 49.  Officer Lopez said Porter got to him two minutes after he shot Mr. Dunbar. | *Lopez depo 91:25* | DISPUTED.  Plaintiffs' cited testimony shows how long it took Porter to come over the wall after Lopez did, not how long it took for Porter to get to the wall. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 50.  Officer Lopez lost his radio while Officer Porter was 100 yards away, so when Officer Porter caught up with him two minutes later, Officer Lopez directed Officer Porter to radio that Mr. Dunbar had been shot. | *Lopez detective interview lines 197, 198; Porter depo 58:7-8, 71:12-15; Lopez depo 91:25* | UNDISPUTED that Lopez lost his radio and therefore had to and did direct Porter to radio that Dunbar had been shot. DISPUTED that Porter didn't catch up with Lopez until two minutes later.  The citations that statement relies on do not support it.  *Lopez ¶¶ 3, 4; Suppl. Lopez Decl. ¶¶ 15, 16; Brett Porter Decl. ¶¶ 3, 4; Diamond Decl. Ex. 3, pp. 17, 18, 26, 56-57, 191-92; Opp. 7.* |
| 51.  AMR acknowledged the dispatched call and the order to "stage" until cleared to respond to the scene by the Riverside Police Department. | *RFD Radio channel 1; 00:33* | UNDISPUTED. |
| 52.  Officer Lopez was required by RPD policy to "provide care for all injured persons" such as Mr. Dunbar. | *RPD Policy Manual § 4.8 (C)(2)(a)(1) Defense Bates # 562.* | UNDISPUTED.  Under the controlling authority of *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986), Lopez fulfilled that obligation by directing Porter to radio shots fired and gunshot wound right after Lopez shot Dunbar.  At any rate, local police policy was not intended to and cannot impose a higher duty of reasonableness on |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | police than required by case law.<br><br>*Lopez Decl. ¶ 4; Suppl. Lopez Decl. ¶ 16; Brett Porter Decl. ¶ 4; Jensen Decl., p. 3.* |
| 53.  Officer Porter was required by RPD policy to "provide care for all injured persons" such as Mr. Dunbar. | *RPD Policy Manual § 4.8 (C)(2)(a)(1) Defense Bates # 562.* | UNDISPUTED.  Under the controlling authority of *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986),  Porter fulfilled that obligation by radioing for medical aid promptly after Lopez shot Dunbar.  At any rate, local police policy was not intended to and cannot impose a higher duty of reasonableness on police than required by case law.<br><br>*Lopez Decl. ¶ 4; Suppl. Lopez Decl. ¶ 16; Brett Porter Decl. ¶ 4; Jensen Decl., p. 3.* |
| 54.  All Riverside Police Officers who responded to the scene was required by RPD policy to "provide care for all injured persons" such as Mr. Dunbar. | *RPD Policy Manual § 4.8 (C)(2)(a)(1) Defense Bates # 562; Lopez depo 245:11-15* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to any legitimate |

| | PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 1 2 3 | | | |
| 4 5 6 7 | | | issue raised by the partial summary judgment motion. Subject to that Objection, and so as to preserve it, DISPUTED. |
| 8 9 10 11 12 13 14 15 16 17 | 55. RPD Sergeant Crutchfield was required by RPD policy to "provide medical aid to any injured parties" such as Mr. Dunbar. | *RPD Policy Manual § 4.8 (C)(2)(b)(1) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to any legitimate issue raised by the partial summary judgment motion. Subject to that Objection, and so as to preserve it, DISPUTED. |
| 18 19 20 21 22 23 24 25 26 27 28 | 56. RPD Sergeant Crutchfield was required by RPD policy to "take immediate charge of the scene" and assign an officer to restrict access only to necessary medical personnel." | *RPD Policy Manual § 4.8 (C)(2)(b)(2) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to any legitimate issue raised by the partial summary judgment motion. Subject to that Objection, and so as to preserve it, DISPUTED. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 57.  RPD Sergeant Crutchfield was required by RPD policy to "ensure that no items of evidence are handled or moved" | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |
| 58.  RPD Sergeant Ruddy was required by RPD policy to "provide medical aid to any injured parties" such as Mr. Dunbar. | *RFD Policy Manual § 4.8 (C)(2)(b)(1) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 59.  RPD Sergeant Ruddy was required by RPD policy to "take immediate charge of the scene" and assign an officer to restrict access only to necessary medical personnel." | *RFD Policy Manual § 4.8 (C)(2)(b)(2) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |
| 60.  RPD Sergeant Ruddy was required by RPD policy to "ensure that no items of evidence are handled or moved" | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as not to preserve it, DISPUTED. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 61.  RPD Sergeant Lambert was required by RPD policy to "provide medical aid to any injured parties" such as Mr. Dunbar. | *RFD Policy Manual § 4.8 (C)(2)(b)(1) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |
| 62.  RPD Sergeant Lambert was required by RPD policy to "take immediate charge of the scene" and assign an officer to restrict access only to necessary medical personnel." | *RFD Policy Manual § 4.8 (C)(2)(b)(2) Bates 563.* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 63.  RPD Sergeant Lambert was required by RPD policy to "ensure that no items of evidence are handled or moved" | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |
| 64.  Officer Lopez's personal belt audio recorder was activated several minutes after the shooting. | *Lopez belt recording; Kellner report pg 13; Jensen decl. 2:1-12* | UNDISPUTED that Lopez' personal belt audio recorder was activated shortly after the shooting.  DISPUTED that any of plaintiffs' citations show when after the shooting it was activated. |
| 65.  The belt recording contains thirty-two (32) cries for help by Mr. Dunbar, who said, "I can't breathe," "Please," and "Help me" to officers standing nearby. | *Lopez belt recording 00:00-05:47; Kellner report pg 13; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said those things multiple times.  The evidence plaintiffs cite does not support that he said them 32 times.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | *Trial Exhibits 3001, 3004.* |
| 66.  At eight (8) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:08; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 67.  At nineteen (19) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:19; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED except as to the number of seconds this occurred into belt recording. Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 68.  At twenty-five (25) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:25; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 69.  At thirty-one (31) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:31; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 70.  At thirty-four (34) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:34; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 71.  At fifty-five (55) seconds into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 00:55; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at 53 seconds into belt recording.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 72.  At one minute two seconds (1:02) into Lopez's belt recording Mr. Dunbar is heard to say, "Please." | *Lopez belt recording 01:02; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 73.  At one minute seven seconds (1:07) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 01:07; Kellner report pg 15; Jensen decl. 2:1-12* | DISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 74.  At one minute ten seconds (1:10) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 01:10; Kellner report pg 15; Jensen decl. 2:1-12* | DISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 75.  At one minute twenty seconds (1:20) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 01:20; Kellner report pg 15; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at 1:19 and may have said something also at 1:20 into the belt recording.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 76.  At one minute twenty seven seconds (1:27) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 01:27; Kellner report pg 15; Jensen decl. 2:1-12* | DISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 77.  At one minute thirty eight seconds (1:38) into Lopez's belt recording Mr. Dunbar is heard to say, "Please help me!" | *Lopez belt recording 01:38; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 78.  At one minute forty four seconds (1:44) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 01:44; Kellner report pg 16; Jensen decl. 2:1-12* | DISPUTED.   Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 79.  At two minutes (2:00) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 02:00; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at both 1:56 and 1:59 into the belt recording.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 80.  At two minutes twenty seconds (2:20) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 02:20; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at 2:20 into the belt recording.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 81.  At three minutes twenty-one seconds (3:21) into Lopez's belt recording Mr. Dunbar is heard to say, "Please!" | *Lopez belt recording 03:21; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 82. At three minutes thirty three seconds (3:33) into Lopez's belt recording Mr. Dunbar is heard to say, "Please!" | *Lopez belt recording 03:33; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at 3:34 into the belt recording. Irrelevant and immaterial. *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 83. At three minutes fifty three seconds (3:53) into Lopez's belt recording Mr. Dunbar is heard to say, "I can't breathe." | *Lopez belt recording 03:53; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED that Dunbar said this at 3:52 into the belt recording. Irrelevant and immaterial. *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 84. At four minutes fifty seven seconds (4:57) into Lopez's belt recording an officer can be heard saying, "good job." | *Lopez belt recording 04:57; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED that an officer said "Good job" at 4:58 into the belt recording. Irrelevant and immaterial. *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 85.  At five minutes thirty three seconds (5:33) into Lopez's belt recording Mr. Dunbar is heard to say, "Hey." | *Lopez belt recording 05:33; Kellner report pg 16; Jensen decl. 2:1-12* | DISPUTED as to the quoted words.  UNDISPUTED that Dunbar said "Aay, Aay, please" at 5:33 into the belt recording.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |
| 86.  At five minutes forty seconds (5:40) into Lopez's belt recording Mr. Dunbar is heard to say, "Hey, please." | *Lopez belt recording 05:40; Kellner report pg 16; Jensen decl. 2:1-12* | DISPUTED as to time and quoted words.  UNDISPUTED that Dunbar said "Aay, Aay, please" at 5:33 into the belt recording.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).<br><br>*Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 87.  At five minutes forty seven seconds (5:47) into Lopez's belt recording Mr. Dunbar is heard to say, "Please." | *Lopez belt recording 05:47; Kellner report pg 16; Jensen decl. 2:1-12* | UNDISPUTED.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |
| 88.  At six minutes (6:00) into Lopez's belt recording Officer Lopez can be heard laughing after discussing details of the shooting. | *Lopez belt recording 06:00; Kellner report pg 16; Jensen decl. 2:1-12* | DISPUTED as to time, wording and details.  Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986).  *Trial Exhibits 3001, 3004.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 89.  At six minutes seven seconds (6:07) into Lopez's belt recording an unknown officer is heard to say, "Hey, he's coding dude" to Officer Lopez, who replies, "ya." | *Lopez belt recording 06:07; Kellner report pg 16; Jensen decl. 2:1-12; Lopez depo 249:1-3* | DISPUTED.  Undisputed evidence shows that at 6:08 into the belt recording, Officer Hibbard says "Hey he's coding" and at 6:09 Lopez asked "Yeah?"  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). <br><br> *RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter Declaration;Transcript of Lopez Belt recorder, pg. 8 (Trial Ex. 3004), Trial Exhibits 3001.* |
| 90.  Officer Lopez testified at his deposition that when he said "coding" he meant "dying." | *Jensen decl. 2:1-12; Lopez depo 249:1-3* | UNDISPUTED only that Lopez said that coding means dying.  Plaintiffs' citations do not support this assertion.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 91.  Officer Lopez saw Mr. | *Lopez depo* | UNDISPUTED that Lopez saw |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| Dunbar bleeding while he was with him and chose not to provide any aid. | *28:5-9, 53:9-11, 183:4-6* | Dunbar bleeding and provided no medical aid himself. DISPUTED as to the use of the word "chose." Irrelevant and immaterial. *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 92.  Lopez said RPD officers who shoot people aren't retrained or disciplined. | *Lopez depo 14:6-15* | DISPUTED.  This is a misstatement of the testimony. Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 93.  Officer Lopez cannot recall why he was laughing and joking while Mr. Dunbar lay dying. | *Lopez belt recording. 05:11, 05:58, 06:00, 11:14, 11:45; Lopez depo 169:24-3, 245:20-25* | DISPUTED.  This is a misstatement of the testimony. Irrelevant and immaterial.  *E.g.*, *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 94.  Officer Lopez says first aid can be provided before medical personnel arrive. | *Lopez depo 122:3-6* | DISPUTED.  This is a misstatement of the testimony.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 95.  Officer Lopez said he did not think Dunbar needed medical aid. | *Lopez depo 122:13-20 129:7-9, 177:10-12* | DISPUTED.  This is a misstatement of the testimony.  Irrelevant and immaterial.  *E.g., Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1411, 1415 (9th Cir. 1986). |
| 96.  Lopez's intentions were not to follow RPD policy but to receive accolades from fellow RPD officers who also were not following RPD policy. | *Lopez's belt recording; 2:08, 2:13, 4:34, 5:54, 5:55, 9:59, 10:05, 10:14, 10:20; RPD Policy Manual 4.8 (C)(2)(a)(6) Bates 562.* | DISPUTED.  Unsupported by plaintiffs' citations. |
| 97.  RPD Sergeant Crutchfield was at the incident scene and was heard by name on Lopez's belt recording while Mr. Dunbar was in need of medical aid. | *Lopez's belt recording 08:15* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, DISPUTED in that Dunbar was not in need of medical aid when Crutchfield's name was mentioned on the tape as medical aid was already on the scene and treating Dunbar.  *Trial Exhibits 3001, 3004.* |
| 98.  RPD Sergeant Crutchfield failed to perform his duty to "ensure that no items of evidence are handled or moved" when he allowed Officer Lopez to remove the magazine from his service weapon and then remove all of the bullets it contained. | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563.* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, DISPUTED. |
| 99.  RPD Sergeant Ruddy was at the incident scene at 2:41 a.m. while Mr. Dunbar was in need of medical aid. | *RFD Incident Log Recall 02:41.* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, and so as to preserve it, DISPUTED. |
| 100.  RPD Sergeant Ruddy failed to perform his duty to "ensure that no items of evidence are handled or moved" when he allowed Officer Lopez to remove the magazine from his service weapon and then remove all of the bullets it contained. | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563.* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, DISPUTED. |
| 101.  RPD Sergeant Lambert was at the incident scene at 2:37 a.m. while Mr. Dunbar was in need of medical aid. | *RFD Incident Log Recall; Lopez depo 243:21-25* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, UNDISPUTED that the RPD Incident Log Recall shows that Lambert was |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | at the incident scene at 2:37 a.m. *RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration.* |
| 102.  RPD Sergeant Lambert failed to perform his duty to "ensure that no items of evidence are handled or moved" when he allowed Officer Lopez to remove the magazine from his service weapon and then remove all of the bullets it contained. | *RPD Policy Manual § 4.8 (C)(2)(b)(5) Bates 563.* | OBJECTION to responding to this fact as the only Riverside police officers named in this lawsuit and that are the subject of this motion for partial summary judgment are Officers Porter and Lopez and this Fact is therefore irrelevant and immaterial to and outside the scope of any legitimate issue raised by the partial summary judgment motion.  Subject to that Objection, DISPUTED. |
| 103.  Officer Porter said the vehicle Mr. Dunbar was a passenger in was stopped because Officer Lopez recognized it and not because of a violation of the law. | *Porter depo 44:14-17* | DISPUTED.  Irrelevant and immaterial and outside the scope of this partial motion for summary judgment. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 104.  According to the RPD dispatch radio channel recording, Officer Porter's "shots fired" call was made at 2:21 a.m. | *Jensen declaration 2:1-6; RPD radio channel 3; 9:49* | DISPUTED.  The undisputed facts show that Officers Porter and Lopez stopped the vehicle in which Dunbar was a passenger at 2:26 a.m. and that Porter radioed "shots fired" at 2:30 a.m. immediately after Lopez shot Dunbar. *Brett Porter Decl., ¶¶3-4; Lopez Decl., ¶¶3-4; Suppl. Lopez Decl. ¶10;  Exhibits 3001, 3004 (see Supp. Lopez Decl.; Porter Decl.; Supp. Jensen Decl.); John Porter Decl., ¶9; Williams Decl. ¶¶8-14 and attached exhibits; Jensen Decl.2:23-4:2; Supp. Jensen Decl. ¶10; RPD Incident Recall print-out (Trial Ex. 501), attached to the Jensen Declaration; RPD Channel 3 Radio Traffic CD (Trial. Ex., 3002); RPD Channel 3 Radio Traffic transcript, with elapsed and clock times (Trial Ex. 3003), attached to the John Porter declaration; RPD Unit Log (Trial Ex. 507-C), attached to Jensen declaration; Riverside Fire Department CAD print-out (Trial Ex. 603), attached to the Jensen declaration.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 105.  According to the RFD incident log the call for service for Mr. Dunbar was initiated at 2:30 a.m. | *Jensen declaration 2:1-12; RPD radio channel 3; 9:49; RFD Incident Log Recall.* | UNDISPUTED. |
| 106.  According to the major incident log that was started and maintained by Officer J. Brandt at 2:43 a.m., the paramedics entered the scene to treat the decedent at 2:45 a.m. | *Officer J. Brandt's report Ex. 140-142; Major incident log Ex. 143-145* | DISPUTED.   The undisputed evidence shows that the Fire Department paramedics were not staged or delayed but after arriving at the scene and unpacking their equipment went directly to Dunbar in less than two minutes.  Indeed, the Major Incident Log itself shows that the paramedics entered the crime scene at 2:38, which is consistent with all the other evidence.  The undisputed evidence, including plaintiffs' own Exhibit K to the Casselman declaration, shows that the AMR arrived at the scene just after the paramedics, just before 2:39 a.m., and was with Dunbar by 2:40.  At any rate, Exhibit 140-145, including the Major Incident Log, was not attached to the Casselman declaration or otherwise placed before the Court or authenticated.  Moreover, there is no showing that Brandt made his entries based on personal knowledge rather than hearsay. |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Fact No. 106 does not implicate or purport to implicate the two officers named as defendants in regard to the medical treatment given to Dunbar. *Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl).* |
| 107.  Paramedics entered the scene to treat Dunbar 24 minutes after the shooting. | *Fact 110, Fact 37; Officer J. Brandt's report Ex. 140-142; Major incident log Ex. 143-145; Declaration of Jensen 2:1-6; Metcalf decl. ¶ 21, 22.* | DISPUTED.  *See* Response to No. 106 above. *Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl).* |
| 108.  Six minutes into the belt recording, it can be heard that paramedics have arrived and/or are being staged. | *Lopez Belt Recording: 6:11* | DISPUTED that paramedics were ever staged.  UNDISPUTED that Officer Hibbard tells Dunbar at 6:27 into the belt recording to hold still as medics are here.  The undisputed evidence shows that less than 2 minutes later, at 7:57 into the belt recording, the paramedics are at the crime |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | scene heading to treat Dunbar.<br><br>*Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4. Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11; AMR Pre-Hospital Care Report, p. 1 (Ex. K to Casselman Decl).* |
| 109.  At least two minutes after the paramedics have arrived and/or are being staged, an officer can be heard telling Dunbar to "hold still" and that medic is here. | *Lopez Belt Recording: 6:26* | DISPUTED.  The undisputed evidence shows that Officer Hibbard tells Dunbar at 6:27 into the belt recording to hold still as medics are here and that less than 2 minutes later, at 7:57 into the belt recording, the paramedics are at the crime scene heading to treat Dunbar. This is consistent with all other relevant undisputed evidence.<br><br>*Trial Exhibits 3001, 3004 (Lopez Belt Recorder, p. 8); Williams Decl. ¶¶ 8-14 and attached exhibits; Lopez Decl. ¶4; Brett Porter Dec.l ¶4.* |
| 110.  Two minutes elapse between the time that an officer is heard to say, "Hey, he's coding dude" to Officer Lopez, who replies, "ya" and the time that another officer says, "I think he just coded." | *Lopez Belt Recording: 6:07-7:56; Kellner Rule 26 report pages 16 & 17.* | UNDISPUTED that at 6:08 into the belt recording Officer Hibbard says "Hey, he's coding" and at 6:09 Lopez asks "Yeah?" and that at 7:57 into the belt recording Officer Hibbard tells an arriving medic that "I think he just coded." |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | This less than two minute interval is consistent with the undisputed evidence that it took the paramedics a minute or two to unpack their equipment and come to the crime scene. *Trial Exhibits 3001; 3004 (Lopez Belt Recorder, pp. 8-9); Williams Decl. ¶¶ 8-14 and attached exhibits.* |
| 111.  No request is made by any officer to bring the medics from the staging area to treat Dunbar during the time that elapses between the first remark, "he's coding dude" and the second remark, "I think he just coded." | *Lopez Belt Recording: 6:07-7:56; Kellner Rule 26 report pages 16 & 17.* | DISPUTED that there was any staging area.  The undisputed evidence shows that the paramedics had been told not to stage and to roll right in, and after exiting the fire engine and unloading their gear, they went right to the crime scene to treat Dunbar. *Trial Exhibits 3001, 3004; Lopez Decl. ¶ 4; Brett Porter Decl. ¶ 4.Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶¶ 10-11.* |

| PLAINTIFFS' CONTROVERTED FACTS | PLAINTIFFS' SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 112. Officers delay until after the remark, "I think he just coded", followed by "we ought to get them back here" (referring to the medics). | *Lopez Belt Recording: 7:56; Kellner Rule 26 Report pg 17* | DISPUTED. The undisputed evidence shows that plaintiffs have invented the quoted words and the scenario that goes with them in that it is a medic upon arriving at the crime scene who says, " "Well, we're all going to get in here and get started then right?" <br><br> *Trial Exhibits etc; Williams Decl. ¶¶8-14 and attached exhibits; John Porter Decl. ¶9; Supplemental Jensen Decl. ¶11.* |

Respectfully submitted,

Dated: August 25, 2014     LEWIS BRISBOIS BISGAARD & SMITH LLP

CITY OF RIVERSIDE

GREINES, MARTIN, STEIN & RICHLAND LLP


By: /s/ Alan Diamond

Alan Diamond

Attorneys for Defendant CITY OF RIVERSIDE, SANCHO LOPEZ, BRETT PORTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28